NOT DESIGNATED FOR PUBLICATION

No. 128,864

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICHOLAS ALEXANDER SEEMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; JOHN BOSCH, judge. Submitted without oral argument. Opinion filed July 2, 2026. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*David Lowden*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., COBLE and PICKERING, JJ.

CLINE, J.: Nicholas Alexander Seeman appeals the district court's assessment of Children's Advocacy Center (CAC) fees as part of his sentence. The district court assessed a $400 CAC fee for each of the five crimes to which Seeman pleaded guilty, totaling $2,000. Seeman claims it only had authority to assess one $400 fee.

While Seeman did not object to the imposition of CAC fees below, we choose to review the issue for the first time on appeal because it is a purely legal question of

1

statutory interpretation that is determinative of the issue. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

The relevant statute is K.S.A. 20-370(a), which provides: "On and after July 1, 2013, any defendant convicted of a crime under chapter 21 of the Kansas Statutes Annotated, and amendments thereto, in which a minor is a victim, shall pay an assessment fee in the amount of $400 to the clerk of the district court."

Seeman concedes that this court has consistently interpreted K.S.A. 20-370(a) as allowing a separate CAC fee for each conviction. However, Seeman argues that "'an'" always means "'one,'" and can never mean "'more than one,'" thus he contends the district court departed from the plain language of K.S.A. 20-370(a) when it ordered a $400 fee for each of Seeman's convictions.

In *State v. McDuffie*, No. 113,987, 2017 WL 2617648, at *19 (Kan. App. 2017) (unpublished opinion), this court determined the phrase "'*a* crime'" as used in the statute to be ambiguous since it could be reasonably interpreted in two ways: (1) as creating a "one-to-one ratio, where defendants convicted of one crime against a minor are required to pay one fee, but defendants convicted of multiple crimes against minors are required to pay the number of fees equal to the crimes committed against minors"; or (2) "as requiring a defendant convicted of any unspecified number of crimes against minors to pay just one assessment fee." (Emphasis added.) Seeman argues that the second interpretation is correct because the Legislature could have ordered fees to be assessed per offense—and has in other statutes—but they did not here. For example, in K.S.A. 28-176(a) the Legislature provided that for Kansas Bureau of Investigation lab fees: "The court shall order any person convicted . . . to pay a separate court cost of $400 *for every individual offense* if forensic science . . . services are provided." (Emphasis added.)

While we acknowledge Seeman's point, our court has resolved the ambiguity by turning to legislative history. In *McDuffie*, this court found subsection (a) "was clearly enacted for revenue purposes" and thus the Legislature likely "intended for defendants to pay a fee for each crime" to "better serve[] the statute's goal of raising revenue." 2017 WL 2617648, at *20. We also interpreted testimony from different legislative committee hearings as showing the purpose of K.S.A. 20-370(a)'s CAC fee is two-fold: (1) to punish defendants financially for crimes they commit against minors, and (2) to raise revenue for the CAC fund. 2017 WL 2617648, at *19-20.

In fact, one Senator noted: "[U]ndue financial hardship for convicted child abusers was not an issue of concern." 2017 WL 2617648, at *19. Because the same Senator clarified "'that *fees* are not collected until *the party* is found guilty,'" we found in *McDuffie* this indicated "that the legislature intended defendants to pay a fee for each crime they committed against a minor," otherwise "[t]here would have been no reason for [the] Senator . . . to reference multiple fees but only a single defendant." 2017 WL 2617648, at *20.

Based on that history, we concluded the Legislature actually "intended to create a one-to-one crime-to-fee ratio requiring defendants to pay a CAC [Fund] assessment fee for each crime they are convicted of committing against a minor." 2017 WL 2617648, at *19.

While Seeman correctly notes that courts will strictly construe criminal statutes in the defendant's favor, that rule is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative intent. *State v. Griffin*, 312 Kan. 716, 720, 479 P.3d 937 (2021). To support his argument, Seeman contends it would be unreasonable to interpret the statute as authorizing a one-to-one ratio for assessing CAC fees per crime because of situations like *State v. Hachmeister*, 306 Kan. 630, 630, 395 P.3d 833 (2017), in which the defendant was convicted of 105 counts of sexual

exploitation of a child for each possessed image of child pornography. Seeman notes that nothing suggests that the district court awarded $42,000 in "mandatory" CAC fees in that case. But, upon review, there were no CAC fees imposed in *Hachmeister*, because the CAC was not involved in the investigation.

This court also interpreted the statute in *State v. Sanders*, 65 Kan. App. 2d 236, 264, 563 P.3d 234, *rev. denied* 320 Kan. 867 (2025), and reached a similar conclusion to *McDuffie*, however it was not because of a perceived ambiguity in the statute. Instead, we determined the plain language of the statute refers to "'a crime,' which is a singular event" and "does not use the term per case," meaning that a defendant must "pay an assessment fee *for each crime* committed against a minor." (Emphasis added.) 65 Kan. App. 2d at 264. Although we are not bound by the decisions of other panels, the plain language interpretation of K.S.A. 20-370(a) as determined in *Sanders* is well-reasoned and accomplishes the result most closely aligned with the clear legislative intent.

So, under either approach taken in *Sanders* or *McDuffie*, the result would be the same. Further, since *McDuffie* and *Sanders*, this court has issued decisions on two additional cases challenging the assessment of multiple CAC fees in a single case. See *State v. Mason*, 66 Kan. App. 2d 209, 220-21, 579 P.3d 978 (2025), *pet. for review filed* October 30, 2025; see also *State v. Mildfelt*, No. 126,968, 2025 WL 2815647 (Kan. App. 2025) (unpublished opinion), *rev. granted* 321 Kan. 793 (2026). Both *Mason* and *Mildfelt* continued the precedent of *McDuffie* and *Sanders* by affirming the imposition of CAC fees per conviction. We continue to follow this reasoning and consistent interpretation by our court.

Affirmed.

4